UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MARTHA BANKS,

                      Plaintiff,            **REPORT AND**
                                                    **RECOMMENDATION**
    -against-

                                                   06 Civ. 1428 (KMK) (GAY)
MICHAEL J. ASTRUE,[1] Commissioner
of Social Security,

                    Defendant.
--------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

      Plaintiff Martha Banks commenced this action pursuant to 42 U.S.C. § 405(g), challenging the decision by the Commissioner of Social Security ("the Commissioner") to deny plaintiffs application for disability insurance benefits on the ground that plaintiff was not disabled. The case was assigned to Your Honor, who referred the parties' cross-motions for judgment on the pleadings to the undersigned for a Report and Recommendation. By Report and Recommendation dated May 28, 2009, the undersigned recommended that plaintiff's motion for judgment on the pleadings should be granted to the extent it seeks remand to the Commissioner for further proceedings in accordance with the Report and Recommendation, and the Commissioner's cross-motion should be denied.[2] On or about August 13, 2009, Your Honor adopted the

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue, the current Commissioner of Social Security, has been substituted as the defendant in this action.

[2] Familiarity with said Report and Recommendation, and relevant background, is presumed.

Report and Recommendation in its entirety and judgment entered on August 14, 2009. Presently before this Court is plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons that follow, I respectfully recommend that plaintiff's motion should be **granted in part**.

## I.  THE EAJA

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking attorney's fees under the EAJA must: (1) establish that he is the prevailing party; (2) demonstrate that he is eligible to receive an award; (3) set forth the fee award sought; (4) set forth the hourly rate at which the fee is calculated; and (5) allege that the position of the United States was not substantially justified. See 28 U.S.C. § 2412(d)(1)(B).

Here, defendant does not dispute that the aforementioned elements have been satisfied, thereby conceding the appropriateness of an EAJA award. However, the parties dispute the reasonableness of the amount of fees sought.

## II.  REASONABLE FEES UNDER THE EAJA

Courts within the Second Circuit scrutinize the appropriateness of attorney's fee awards by applying the "presumptively reasonable fee analysis." See Porzig v. Dresdner, Kleinwort, Benson, North America LLC, 497 F.3d 133, 141 (2d Cir. 2007).

This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award." See id.  The fee applicant has the burden of establishing the reasonableness of the rate charged and the hours expended. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Here, plaintiff requests attorney's fees in the amount of $11,532.87 for 70.60 hours of work performed by her counsel, Gary J. Gogerty.[3]  Mr. Gogerty asserts that all of the time expended on the instant case "was necessary in order to provide quality representation to my client." See Plaintiff's Attorney's Affidavit in Support of Motion for Award of Attorney's Fees, at ¶ 6.  In his response, the Commissioner does not object to the hourly rates sought by plaintiff, but contends that the 70.60 hours expended were excessive and should be reduced substantially.  Plaintiff, in reply, argues that full compensation is warranted because plaintiff prevailed on each of the four contentions raised in her motion for judgment on the pleadings.

## III.  REASONABLENESS OF THE HOURS EXPENDED

This Court has broad discretion in determining whether the amount of time expended by plaintiff's counsel was reasonable.  See Aston v. Secretary of Health and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986).  One factor to consider in assessing the reasonableness of the amount of hours expended is "the significance of the overall relief

---

[3] This reflects 47.55 hours expended in 2006 at the rate of $161.85 per hour, 16.55 hours expended in 2007 at the rate of $166.46 per hour and 6.50 hours expended in 2008 at the rate of $166.46 per hour.

obtained by the plaintiff in relation to the hours reasonably expended on the litigation." See Hensley, 461 U.S. at 429.  District courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases. See, e.g., Coughlin v. Astrue, No. 06-CV-0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009); Rivera v. Astrue, No. 07-CV-3129, 2009 WL 1351044, at *1 (E.D.N.Y. May 13, 2009); Hogan v. Astrue, 539 F. Supp.2d 680, 682  (W.D.N.Y. 2008); Dudelson v. Astrue, No. 03 Civ. 7734, 2007 WL 3051875, at *1 (S.D.N.Y. Oct. 15, 2007). "Although courts in this Circuit have not hesitated to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrants such an award, when a case does not raise any extraordinarily difficult or complex legal or factual issues, courts have determined that the hours spent litigating it should not have exceeded the guideline range."  Rivera, 2009 WL 1351044, at *1 (internal quotations and citations omitted).

Here, plaintiff does not contend that this case involved complex legal or medical issues necessitating an expenditure of hours above the generally accepted standard of twenty to forty hours.  Having reviewed the administrative record, the papers submitted by the parties, the substantive issues involved and the history of the case, and having considered the overall relief obtained by the plaintiff, the Court concludes that the hours expended are excessive and require some reduction.  In determining what constitutes a reasonable expenditure of hours in this case, the Court need not "scrutinize each action taken or the time spent on it."  See Aston, 808 F.2d at 11.  Rather, the Court has discretion simply to apply a reasonable percentage reduction "as a practical means of trimming fat from a fee application."  See Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173

4

(2d Cir. 1998); see also New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983) (within Court's discretion to apply percentage reduction in response to defendants' detailed claims that the fee application contained excessive and duplicative hours).  Accordingly, based upon the record before me, I conclude, and respectfully recommend, that a twenty percent (20%) reduction in the total fee requested is reasonable and appropriate.

## IV.  CONCLUSION

For all of the foregoing reasons, I respectfully recommend that plaintiff's motion for attorney's fees pursuant to the EAJA should be granted in part in the amount of $9,226.30, with the award to be made payable to plaintiff's counsel.[4]

## V. NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended and Rule 72(b), the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The

---

[4] Defendant does not contest the issue of direct payment of EAJA fees to plaintiff's counsel and, in any event, the issue "was essentially rendered moot on [June 16, 2008] when plaintiff executed an affidavit waiving direct payment of the EAJA fees and assigning said fees to the attorney."  See Coughlin, 2009 WL 3165744, at *3.

5

Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated: October 23, 2009
White Plains, New York

Respectfully Submitted:

_____
GEORGE A. YANTHIS, U.S.M.J.